1  David A. Garcia CA Bar No. 218356
   david.garcia@ogletree.com
2  Terence Liao CA Bar No. 336488
   Terence.Liao@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:     714-800-7900
6  Facsimile:     714-754-1298

7  Attorneys for Defendant
   Eckerd Youth Alternatives, Inc.
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                         OAKLAND COURTHOUSE

12 | MARIA ROANNE REYES-FRANCISCO,        | Case No. Pending
13 |           Plaintiff,                 | **DEFENDANT ECKERD YOUTH ALTERNATIVES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**
14 |      v.                              |
15 | ECKERD YOUTH ALTERNATIVES, INC.,     | **[DIVERSITY JURISDICTION]**
   | and DOES 1 TO 10, inclusive,         |
16 |           Defendants.                | [*Filed concurrently herewith Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Client; Declaration of Po-En Terence Liao; and Notice of Related Cases*]
17
18
19
20                                        | Complaint Filed:   October 31, 2023
                                          | Trial Date:        None Set
21                                        | District Judge:    Hon. TBD
                                          | Magistrate Judge:  Hon. TBD
22

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHER DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ECKERD YOUTH ALTERNATIVES, INC. ("Defendant"), petitions the Court to remove this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff MARIA ROANNE REYES-FRANCISCO ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the State of Florida; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed the Complaint, and remain true now.

## I.   THE STATE COURT ACTION

1. On or about October 31, 2023, Plaintiff filed an action against Defendants entitled "Maria Roanne Reyes-Francisco, Plaintiff, v. Eckerd Youth Alternatives, Inc. and DOES 1-100, inclusive, Defendants." in the Superior Court of the State of California For the County of Alameda, Case Number 23CV04936 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as is attached as Exhibit "A" to the Declaration of Terence Liao ("Liao Decl"), filed concurrently herewith.

2. On November 6, 2023, Plaintiff served Defendant through their registered agent(s) for service of process with: (1) the Summons and Complaint; (2) the Alternative Dispute Resolution ("ADR") Package; and, (3) the Civil Case Cover Sheet. True and correct copies of the Summons, Complaint, ADR Package and the Civil Case Cover Sheet are attached collectively hereto as Exhibit "B" to the Liao Decl, filed concurrently herewith.

3. The Complaint asserts the following causes of action: (1) Sex Discrimination in Violation of Gov. Code § §12940 Et Seq.; (2) Age Discrimination in Violation of Gov. Code § §12940 Et Seq.; and, (3) Retaliation in Violation of Gov. Code § §12940 Et Seq.

4. On December 6, 2023, Defendant timely served and filed its Answer to Plaintiff's Complaint in the Superior Court of the States of California, County of Alameda. A true and correct conformed copy of Defendant's Answer to Plaintiff's Complaint is attached as Exhibit "C" to the Liao Decl, filed concurrently herewith.

5. Excluding these documents listed above and attached thereto, Defendant is unaware of the existence of any other documents or pleadings currently on file with the Superior Court, County of Alameda in connection with this action ("State Court Action").

## II. **REMOVAL IS TIMELY**

6. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7. Here, Defendant was served with the Summons and Complaint on November 6, 2023. Thirty (30) days from the first date of service is Wednesday, December 6, 2023. Therefore, this removal filed on Wednesday, December 6, 2023 is timely.

## III. **SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446**

8. In accordance with 28 U.S.C. § 1446(a), this notice of removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Alameda, is located within the Northern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by Exhibits "A", "B", and "C" to the Liao Decl, which are copies of all process, pleadings, and orders served upon Defendants and filed in the State Court Action.

10. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal was timely filed.

11. In accordance with 28 U.S.C. § 1446(b) (2), all Defendants who have been "properly joined and served" consent to the removal of this action.

12. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California,

County of Alameda and the Clerk of the Central District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

### IV. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

13. Plaintiff is a Citizen of California. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Lt*d., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that, "Plaintiff is an individual residing in Alameda County, State of California." (Complaint ¶ 1.) Furthermore, from the time Plaintiff began her employment in through her separation, Plaintiff's records indicate she resided in California and her last known home address was in California. (Declaration of Teresa M. MacDonald ("MacDonald Decl.") ¶ 5.) Accordingly, Defendant is informed and believe that Plaintiff, at the time this action was commenced, was and still is a citizen of the State of California for purposes of this removal.

14. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The "'principal place of business' [as contained in 28 U.S.C. § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). In other words, the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id*.

15. Plaintiff was employed by Eckerd Youth Alternatives, Inc. a not for profit corporation formed in the State of Florida on April 16, 1985. (MacDonald Decl. ¶ 8; Liao Decl. ¶ 6, Exh. E; Complaint ¶ 1.)   At the time of the filing of this action, Eckerd Youth Alternatives, Inc. was, and still is, a Florida not for profit corporation. (*Id*.)

16. Eckerd Youth Alternatives, Inc. 's principal place of business, and the location from which its executive and senior management personnel and primary management operations direct, control, and coordinate the corporation's activities, is, and was at all times relevant to this action, located in Clearwater, Florida. (MacDonald Decl. ¶ 8; Liao Decl. ¶ 6, , Exh. E.)

17. Therefore, based on the foregoing, diversity is established between Plaintiff and Defendants. Thus, this timely Petition is based upon complete diversity between the proper parties: Plaintiff who is a citizen of California, and Defendant, who is a citizen of Florida.

## V. THE JURISDICTIONAL MINIMUM IS EASILY MET ON THE FACE OF THE COMPLAINT

18. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her theories.

19. Defendants are only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). The Court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

20. Here, Plaintiff asserts that she "has suffered, and will continue to suffer actual damages, including lost earnings and other employment benefits."(Compl. ¶¶ 22; 29; 37; Prayer for Relief No. 3.) At the time she left the company, Plaintiff's base salary was approximately **$170,980.08** a year[1], and at the time the Complaint was filed, Plaintiff alleges that she had been separated from her employment with Defendants for approximately nineteen (19) weeks. (MacDonald Decl., ¶ 5; Compl. ¶ 14.) Assuming a timeline of twelve (12) Months from filing to trial, Plaintiff's claims for lost earnings alone significantly exceed the amount in controversy requirement, as those economic damages equal approximately **$233,453.57.**

/ / /

---

[1] Plaintiff's payroll records also reflect that she was paid various bonuses throughout her employment. (MacDonald Decl., ¶ 4. n.1.)

21. Additionally, Plaintiff seeks statutory attorney's fees and costs, which are available to her based on her claims under the California Government Code. (Compl. ¶¶ 24; 31; 39; Prayer for Relief No. 7.) Plaintiff's claim for attorney's fees is based on the California Government Code, which authorizes an award of attorney's fees. When authorized by statute or contract, attorney's fee claims are also properly considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees may be included in the amount in controversy if recoverable by statute or contract). Adding the potential recovery of attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.

22. Plaintiff also alleges that as a result of Defendant's conduct she is entitled to damages for emotional distress. (Compl. ¶¶ 23; 30; 38; Prayer for Relief No. 3.) Unspecified mental and emotional distress damages are also properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031-1035 (N.D. Cal. 2002). A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *Juarez v. Autozone Stores, Inc.*, (S.D. Cal. Nov. 17, 2014) 2014 WL 7017660 (pain and suffering award of $250,000 in discrimination case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated in a discrimination case); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action). Plaintiff's allegations that she was discriminated and retaliated against, and wrongfully terminated against because of her sex and age is similar to the issues in the aforementioned cases and should therefore be considered in the amount in controversy.

23. Finally, if Plaintiff is seeking the recovery of punitive damages, the potential for a punitive damages award against Defendant also satisfies the amount in controversy. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); see *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy).

24. Therefore, it is factually apparent from the body of the Complaint that the claim exceeds the jurisdictional amount. Numerous bases exist to establish that the damages sought by Plaintiff exceed the Court's jurisdictional minimum. As the alleged damages far exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper.

## VI.   CONCLUSION

25. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

26. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: December 6, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ David A. Garcia
David A. Garcia
Terence Liao
Attorneys for Defendant
Eckerd Youth Alternatives, Inc.