# EXHIBIT "C"

David A. Garcia, CA Bar No. 218356
david.garcia@ogletree.com
Terence Liao, CA Bar No. 336488
terence.Liao@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:    714-800-7900
Facsimile:     714-754-1298

Attorneys for Defendant
Eckerd Youth Alternatives, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**RENE C. DAVIDSON COURTHOUSE**

| | |
|---|---|
| MARIA ROANNE REYES-FRANCISCO<br><br>Plaintiff,<br><br>vs.<br><br>ECKERD YOUTH ALTERNATIVES, INC., and DOES 1 TO 10, inclusive,<br><br>Defendants. | Case No. 23CV049436<br><br>**DEFENDANT ECKERD YOUTH ALTERNATIVES, INC.'S ANSWER TO PLAINTIFF MARIA ROANNE REYES-FRANCISCO'S COMPLAINT**<br><br>[Assigned for all purposes to<br>The Honorable James Reilly, Dept. 25]<br><br>Action Filed:     October 31, 2023<br>Trial Date:        None Set |

**TO PLAINTIFF MARIA ROANNE REYES-FRANCISCO AND HER ATTORNEYS OF RECORD:**

Defendant ECKERD YOUTH ALTERNATIVES, INC. ("Defendant") hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff MARIA ROANNE REYES-FRANCISCO ("Plaintiff") as follows:

/ / /

/ / /

/ / /

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff. Defendant denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

1.  Defendant alleges that Plaintiff is required to arbitrate each and every claim raised in the Complaint, pursuant to a valid and enforceable arbitration agreement.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.  Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, by the applicable statutes of limitation, including without limitation, Code of Civil Procedure §§ 335.1, 337, 338, 339, 340 and 343, and Government Code §§ 12940, 12960 and 12965, et. seq.

/ / /

**THIRD AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

3. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred on the grounds and/or to the extent that the equitable doctrines of estoppel, waiver, consent, unclean hands, and/or laches apply.

**FOURTH AFFIRMATIVE DEFENSE**

**(Preexisting Condition)**

4. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative/Internal Remedies)**

5. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

**SIXTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory and Non-Retaliatory Business Reason)**

6. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, on the grounds that any alleged employment actions taken by Defendant that adversely affected Plaintiff's employment were reasonable in response to legitimate business necessities, and were taken for legitimate nondiscriminatory and/or non-retaliatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Justification)**

7. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, on the grounds and/or to the extent that Defendant's actions were, and are, justified by legitimate, lawful business considerations.

/ / /

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

**(Exclusivity of Workers' Compensation Laws)**

8.   The Complaint and each cause of action alleged therein are barred by the exclusivity provisions of the California Workers' Compensation Act, Labor Code section 3600, et seq.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

9.   Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff has failed, and continues to fail, to mitigate, by the exercise of reasonable effort and/or care, any damages allegedly caused by the acts and/or omissions allegedly attributed to Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith Belief)**

10.   Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

11.   Defendant alleges that Plaintiff is not entitled to recover punitive damages from Defendant for the alleged acts referred to in Plaintiff's Complaint on the grounds that said acts, if any, were performed by an employee or third party of Defendant, and that none of Defendant's officers, directors, or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or their officers, directors, or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendant employ said employee or employees with a conscious disregard of the rights or safety of others. Civil Code § 3294.

/ / /

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

12. Defendant is not liable for damages because if any person engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization or ratification of Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Ratification)**

13. Defendant is not liable for damages because if any person engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization or ratification of Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

14. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the doctrine of avoidable consequences because she unreasonably failed to take action to avoid her alleged damages, and some or all of her alleged damages would have been avoided by such action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

15. Defendant alleges that if Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant continues to deny, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources, including Workers' Compensation, California State Disability Insurance benefits, or subsequent employment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Civil Code § 1431.2)**

16. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any alleged emotional, mental, and/or physical injury suffered by Plaintiff was proximately caused by the acts and/or omissions of persons and entities

/ / /

5
DEFENDANT ECKERD YOUTH ALTERNATIVES, INC.'S ANSWER TO
PLAINTIFF MARIA ROANNE REYES-FRANCISCO'S COMPLAINT

other than Defendant. Accordingly, Defendant is entitled to an allocation of any and all non-economic damages pursuant to California Civil Code § 1431.2.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive/Same Decision)

17. Defendant alleges that Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Defendant would have made the same employment decisions regardless of any alleged unlawful motivation for those decisions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

18. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are uncertain and subject to dismissal under Code of Civil Procedure section 430.10. Additionally, Plaintiff's damages, if any, are speculative or uncertain or both, and therefore not recoverable.

### NINETEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

19. Defendant alleges that Plaintiff's Complaint and each purported cause of action therein are barred by the after-acquired evidence doctrine.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

20. Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Third Party Liability)

21. Any alleged emotional, mental and/or physical injury suffered by Plaintiff was proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendant, including the acts and omissions of Plaintiff himself.

/ / /

/ / /

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Privilege / Justification / Managerial Immunity)**

22.     The Complaint and/or each cause of action are barred, in whole or in part, as they are based on alleged conduct by Defendant that was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified, as set forth in *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Plaintiff Could Not Perform)**

23.     Plaintiff's Complaint, and each and every cause of action therein, is barred on the ground that Plaintiff could not perform the essential functions of her position.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff Unable Or Unavailable For Work)**

24.     Plaintiff's claims are barred to the extent that Plaintiff has been unavailable, unwilling, unable, and/or unqualified to perform any work for Defendant.  Therefore, Plaintiff is not entitled to recover any back pay, benefits, or monetary damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

25.     Defendant alleges that Plaintiff's disability/religious discrimination, failure to provide accommodations, and interactive process claims are barred on the grounds and/or to the extent that any accommodation not provided to Plaintiff was not provided because such accommodation would have created an undue hardship on Defendant and/or been dangerous to Plaintiff or others.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Constitutional Limit on Punitive Damages)**

26.     Defendant alleges that while Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages by Plaintiff, to the

/ / /

extent that such recovery is sought by Plaintiff, recovery of punitive damages against Defendant is unconstitutional under the provisions of the United States and California Constitutions.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Appropriate Remedial Action)**

27. Defendant alleges that Plaintiff's purported causes of action, and each of them, are barred as Defendant took all reasonable steps to prevent any alleged harassment, discrimination, or retaliation once Defendant was made aware of Plaintiff's complaint, if Plaintiff in fact complained. *Wellpoint Health Networks v. Super. Ct. (McCombs)* (1997) 59 Cal.App.4th 110.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Hostile Environment/Welcomed Behavior)**

28. Defendant alleges that any conduct towards Plaintiff was welcomed and that Plaintiff was not subject to severe or pervasive conduct sufficient to alter the conditions of her employment and create a hostile working environment; and that Plaintiff not only welcomed all conduct and behavior, but she initiated, contributed to, and actually engaged in behavior comparable to, if not more pervasive and offensive than, the conduct alleged in her Complaint.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Duty)**

29. Defendant alleges that Plaintiff's purported claims for negligent hiring, retention, and supervision are barred because Defendant owed no duty to Plaintiff.

**ADDITIONAL AFFIRMATIVE DEFENSES**

**(Reservation of Rights)**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses apply.

WHEREFORE, Defendant prays as follows:

1. That judgment be entered in favor of Defendant, and against Plaintiff;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

///

3. That Defendant be awarded attorneys' fees and costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED:  December 6, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
David A. Garcia
Terence Liao

Attorneys for Defendant
Eckerd Youth Alternatives, Inc.

# PROOF OF SERVICE
*Maria Roanne Reyes-Francisco v. Eckerd Youth Alternatives, Inc., et al.*
Case No. 23CV049436

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On December 6, 2023, I served the following document(s):

**DEFENDANT ECKERD YOUTH ALTERNATIVES, INC.'S ANSWER TO PLAINTIFF MARIA ROANNE REYES-FRANCISCO'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 6, 2023, at Costa Mesa, California.

_____
Theresa Fontes

## SERVICE LIST

Dylan Hackett, Esq.  
THE HACKETT LAW FIRM  
P.O. Box 330168  
San Francisco, CA  94133  
Telephone:     415-410-9931  
dylanhackett@hackettfirm.com

Attorneys for Plaintiff  
Maria Roanne Reyes-Francisco

DEFENDANT ECKERD YOUTH ALTERNATIVES, INC.'S ANSWER TO
PLAINTIFF MARIA ROANNE REYES-FRANCISCO'S COMPLAINT